UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DASHANTE SCOTT JONES, : | |
|     Petitioner, : | |
| : | |
| v. : | Case No. 3:16-cv-00282 (VAB) |
| : | |
| COMMISSIONER OF CORRECTIONS, : | |
|     Respondent. : | |

## RULING AND ORDER

When the petitioner, Dashante Scott Jones, filed this action, he was confined at Garner Correction Institution in Newtown, Connecticut. He filed a "Petition for Writ of Habeas Corpus" naming the Commissioner of Correction as respondent. He also filed motions seeking various types of relief. Mr. Jones has been released, and now resides in Hartford, Connecticut. For the reasons set forth below, the petition is dismissed and the motions are denied.

**I.      Petition for Writ of Habeas Corpus [ECF No. 1]**

The petition includes claims regarding conditions of confinement at Garner Correctional Institution. Mr. Jones contends that his original Social Security card, birth certificate, and motor vehicle identification card were stolen by Department of Correction officials. He claims that he needs these forms of identification when he is released from prison. He states in the petition that he is scheduled for release on March 31, 2016.

In addition, Mr. Jones complains about a judge of the State of Connecticut Tobacco Valley Probate Court in Windsor Locks, Connecticut, who declined to grant his petition for a name change in August 2015, and a clerk in the Court of Probate in the District of Northern Fairfield County who destroyed copies of his birth certificate and Social Security card when his case was closed prior to January 8, 2016. Mr. Jones seeks to have his request for a name change granted and all of his

identification cards, which he claims were stolen from him, returned to him or re-issued and delivered to him. For the reasons set forth below, the petition is dismissed.

Because the petitioner challenges conditions of confinement in state prison, the Court construes the petition as having been filed under 28 U.S.C. § 2254. A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A prisoner must "fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Mr. Jones does not allege that he presented his claims in state court. They are unexhausted.

Furthermore, Mr. Jones's petition is moot. Mr. Jones has been released from prison and now resides in Hartford, Connecticut. Additionally, exhibits filed by Mr. Jones reflect that prison

officials returned his birth certificate to him before his discharge from prison, and informed him that his Department of Motor Vehicle identification card had expired approximately five years ago and that he would need to obtain a Social Security card upon his release from prison.  *See* Exhibits, ECF No. 17 at 14.

Because Mr. Jones has not exhausted state court remedies as to any claims raised in the petition, and because it is moot, the petition for writ of habeas corpus is dismissed.  Because the petition is dismissed, Mr. Jones's motion for judgment (ECF No. 14) is denied.

## II.        Miscellaneous Motions [ECF Nos. 9, 10, 12, 13, 16, 18, 19, 20, 21]

Mr. Jones filed multiple motions seeking to file criminal charges against employees of the Department of Correction and asking the Court to issue warrants for their arrest.  *See* Mot. Order Issue Arrest Warrants, ECF No. 9; Motion for Order, ECF No. 10; Motion Joinder Court Rulings Conspiracy Violate Federal Contracts/Protective Orders, ECF No. 12.

A victim of allegedly criminal conduct is not entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime.  *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted.").  Thus, to the extent that the petitioner seeks relief in the form of the

issuance of arrest warrants, criminal investigations, or arrests of various individuals, that relief is not cognizable in this action, and the motions apparently seeking such relief [ECF Nos. 9, 10, and 12] are denied.

Mr. Jones filed motions addressed to various claims not asserted in the petition. *See* Mot. to Amend Case Laws and Reliefs, ECF No. 13; Mot. for Amended Emergency Help, ECF No. 16; Mot. of Court's Help Order, ECF No. 19; Mot. to Reach Form of Resolution, ECF No. 20; Mot. to Amend Evidence and Request Court's Help, ECF No. 21. The allegations contained in these motions relate to matters that have been raised, or are being litigated, in other cases filed by Mr. Jones, or are new allegations that relate to conditions in the housing unit in which he currently resides in Hartford. These motions are denied because they are unrelated to the allegations in the petition and/or are being litigated in other pending actions. *See, e.g.*, *Jones v. Waldron*, No. 3:15-cv-00613 (VAB) (D. Conn. filed Apr. 22, 2015).

Mr. Jones also seeks leave to amend to file a civil rights complaint against a probate judge, a probate court clerk, and Department of Correction employees. Mr. Jones filed this action as a habeas petition. As indicated above, he did not exhaust state court remedies, and the petition is moot. The court will not permit Mr. Jones to file an amended complaint to transform this action into a civil rights action. Mr. Jones knows how to file a civil rights action: he filed six in 2015, and one in 2016. If he wants to file a separate civil rights action, he may. The motion to amend [ECF No. 18] is denied.

## Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED**. The Motion for Judgment [**Doc. No. 14**] is **DENIED**. The court concludes that jurists of reason would not find it

debatable that petitioner failed to exhaust his state court remedies with regard the claims asserted in the petition.  Therefore, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  Petitioner's Motions [**ECF Nos. 9, 10, 12, 13, 16, 18, 19, 20, 21**] are **DENIED**.  The Clerk shall enter judgment in Defendants' favor and close this case.

SO ORDERED at Bridgeport, Connecticut this third day of May, 2016.

/s/  Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE